UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY LEE HOWZE,<br><br>              Plaintiff,<br><br>       v.<br><br>CDC & R, et al.,<br><br>              Defendants. | No.  2:14-cv-2069 GEB CKD P<br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on the complaint filed September 5, 2014 (ECF No. 1), which was ordered served on three defendants: Butler, Grout, and Orozco.  (ECF No. 10.) Plaintiff alleges that defendants violated his rights under the Eighth Amendment by failing to honor a medical chrono indicating that, due to his urinary problem, he should be housed in a single cell.  Plaintiff alleges that he must have unfettered access to a bathroom, as having to wait for a cellmate to use the bathroom causes him severe discomfort.

Before the court are defendants' motion to dismiss the complaint for failure to state a claim (ECF No. 22) and motion for summary judgment for failure to exhaust administrative remedies (ECF No. 23).  There is no need to rule on the merits of these motions, however, as the docket indicates that, months before filing the instant action, plaintiff filed a similar action in the U.S. District Court for the Central District of California.  (See ECF No. 41.)

1

On May 28, 2014, plaintiff filed a complaint in the Central District. Howze v. CDC&R, No. 2:14-cv-04067 SVW RAO (C.D. Cal.). Though the complaint is not available on the docket, a June 11, 2014 screening order describes its contents as follows:

> Plaintiff, a state inmate, must urinate frequently due to an enlarged prostate. He sues the state prison system and some key employees for deliberate medical indifference because they refused to give him (1) a medical card alerting prison personnel that Plaintiff is to be given priority in restroom access; (2) a cell all to himself, as he claims to be unable to share a toilet with even one other prisoner; and (3) a standing order that he receives a urinary catheter when being transported outside the prison.

(Id., ECF No. 2.) The second issue is the same one raised by plaintiff in the instant case.

In its June 2014 screening order, the Central District court recommended that in forma pauperis status be denied because the complaint was "frivolous, malicious, or fails to state a claim upon which relief may be granted" and "leave to amend would be futile." (Id.) Plaintiff appealed this decision.[1] (Id., ECF No. 6.)

On March 19, 2015, the U.S. Court of Appeals for the Ninth Circuit vacated the district court's decision and remanded on one issue. (Id., ECF No. 22.) That opinion stated, in part:

> Although the district court acted within its discretion in denying Howze leave to proceed IFP on his Eighth Amendment claim because it was frivolous or lacked merit, the district court did not address the Title II ADA claim, also set forth in Howze's complaint. [Citations omitted.] We vacate and remand for the district court to assess the Title II ADA claim in the first instance.

(Id.)

On April 28, 2015, plaintiff filed a second, 102-page complaint in the Central District action. (Id., ECF No. 27.) It too alleges that plaintiff requires a single cell to accommodate his medical condition. (Id.) This action is ongoing.

Due to the duplicative nature of the instant action, the undersigned will recommend that the complaint be dismissed.

////

---

[1] While this appeal was pending, he commenced the instant action in this district.

2

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Defendants' motion to dismiss (ECF No. 22) be denied as moot;

2. Defendants' motion for summary judgment (ECF No. 23) be denied as moot; and

3. This action be dismissed with prejudice. See Fed. R. Civ. P. 41(b).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 8, 2015

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / howz2069.dup