UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY LEE HOWZE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CDC & R, et al.,<br><br>　　　　Defendants. | No.  14-cv-2069 GEB CKD P<br><br><br>AMENDED FINDINGS<br><br>AND RECOMMENDATIONS |

I. <u>Introduction</u>

　　　　Plaintiff is a state prisoner proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on the complaint filed September 5, 2014 (ECF No. 1), which was ordered served on three defendants: Butler, Grout, and Orozco.  (ECF No. 10.)  Plaintiff alleges that defendants violated his rights under the Eighth Amendment by failing to honor a medical chrono indicating he should be housed a single in a cell.

　　　　Before the court is defendants' motion to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. (ECF No. 22.)  Plaintiff has filed an opposition (ECF No. 31), and defendants have filed a reply (ECF No. 32).

　　　　Also before the court is defendants' motion for summary judgment on the ground that plaintiff failed to exhaust administrative remedies.  (ECF No. 23.)  Plaintiff filed a statement of non-opposition to summary judgment (ECF No. 38); however, he later filed a document that

1

purportedly "renders moot" defendants' motion. (ECF No. 39).

Having carefully considered the record and the applicable law, the undersigned will recommend that defendants' motion to dismiss be denied and their motion for summary judgment granted.

II. Motion to Dismiss

A. Standard for Motion to Dismiss

In order to survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain more than a "formulaic recitation of the elements of a cause of action"; it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). "The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, reh'g denied, 396 U.S. 869 (1969). The court will "'presume that general allegations embrace those specific facts that are necessary to support the claim.'" National Organization for Women, Inc. v. Scheidler, 510 U.S. 249, 256 (1994), quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992). Moreover, pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972).

In ruling on a motion to dismiss, the court may consider facts established by exhibits attached to the complaint. Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987).

The court may also consider "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading[.]" Branch v. Tunnell, 14 F.3d 449, 454 (9th Cir. 1994), overruled on other grounds by Gailbraith v. County of Santa Clara, 307 F.3d 1119, 1127 (9th Cir. 2002); see also Steckman v. Hart Brewing Co., Inc., 143 F.3d 1293, 1295-96 (9th Cir. 1998) (on Rule 12(b)(6) motion, court is "not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint.") The court may also consider facts which may be judicially noticed, Mullis v. United States Bankruptcy Ct., 828 F.2d 1385, 1388 (9th Cir. 1987); and matters of public record, including pleadings, orders, and other papers filed with the court, Mack v. South Bay Beer Distributors, 798 F.2d 1279, 1282 (9th Cir. 1986). The court need not accept legal conclusions "cast in the form of factual allegations." Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

B. Allegations

Defendants Butler, Grout and Orozco were members of the Folsom State Prison Institutional Classification Committee ("ICC") that, on July 24, 2014, reviewed plaintiff's request to be single-celled due to a medical issue. (ECF No. 1 at 27.) Plaintiff's case "was referred to the FSP ICC . . . per medical recommendation for single cell." (Id.) The July 24, 2014 hearing report states in part:

> S [plaintiff] has no prior in-cell violence, no predatory behavior toward other inmates or staff. Per CDCR 74710 dated 6/16/14, S was recommended for single cell status based on his medical concerns. S explained that his medical situation is an urgent urination issue that causes pain and that is what prompted medical's single cell recommendation. S stated he has approximately 15 seconds when he feels the need to urinate to get to a toilet or he has to use the catheter. ICC elects not to affix the S suffix based on his medical needs as it was explained that he should be able to accommodate his medical needs with a cell partner present. ICC explained to S that he will continue to be double cell cleared[;] however, depending on available bed space and housing unit programs, he may not have a cell partner. . . .
>
> FSP [will] attempt to accommodate depending on bed availability and population needs.

(Id.)

////

1    Plaintiff alleges that he suffers from benign prostatic hyperplasia (BPH), which causes
2    agonizing pain when he attempts to hold his urine. (Id. at 3.) Due to this condition, he has a
3    "total inability to await restroom access [for more than] 20 seconds" without suffering pain, stress
4    to his kidneys, and stretching of the bladder or urethra, causing blood to enter his urine. (Id. at 4.)
5    In a supplemental declaration, plaintiff asserts that this urinary urgency occurs, on average, four
6    times a day. (ECF No. 20 at 1-2.) Plaintiff alleges that, when a cellmate is using the restroom,
7    making it inaccessible to him, he is subject to an "agonizing urological crisis" and thus should be
8    single-celled. (ECF No. 1 at 10.)

9    Plaintiff submits with his complaint a Medical Classification Chrono, dated June 13, 2014
10   and marked "Permanent," that indicates that plaintiff was to have a single cell and self-
11   catheterization supplies. (Id. at 33-34.)

12   Plaintiff alleges that defendants were deliberately indifferent under the Eighth
13   Amendment by opting to leave him double-celled, despite his medical condition and single-cell
14   chrono. He alleges that he has "been subjected to harm in the past and, short of judicial
15   intervention, will be subjected to harm in the future: . . . on each occasion [his] roommate's
16   [bathroom] needs coincide with his pangs of urgency." (Id. at 5.) At such times, plaintiff will be
17   required to perform a painful self-catheterization. (Id.)

18   C.   Standard for Deliberate Indifference

19   The Eighth Amendment's prohibition on cruel and unusual punishment imposes on prison
20   officials, among other things, a duty to "take reasonable measures to guarantee the safety of the
21   inmates." Farmer v. Brennan, 511 U.S. 825, 832 (1991) (quoting Hudson v. Palmer, 468 U.S.
22   517, 526-27 (1984)). "[A] prison official violates the Eighth Amendment when two requirements
23   are met. First, the deprivation alleged must be, objectively, 'sufficiently serious'[.] For a claim
24   ... based on a failure to prevent harm, the inmate must show that he is incarcerated under
25   conditions posing a substantial risk of serious harm." Id. at 834. Second, "[t]o violate the Cruel
26   and Unusual Punishments Clause, a prison official must have a 'sufficiently culpable state of
27   mind' ... [T]hat state of mind is one of 'deliberate indifference' to inmate health or safety." Id.
28   The prison official will be liable only if "the official knows of and disregards an excessive risk to

inmate health and safety; the officials must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837.

D. Analysis

In their motion, defendants argue that plaintiff has not alleged that defendants had the culpable state of mind required for a deliberate indifference claim. Though they considered the "medical recommendation" that plaintiff be single-celled, along with his statements about his urgent need to urinate four times a day, they believed that plaintiff could "accommodate his medical needs with a cell partner present." (ECF No. 1 at 27.) They also informed plaintiff that, if bed space became available, he would be housed without a cellmate. (Id.) Finally, defendants in their motion characterize plaintiff's fears about sharing a cell as speculative, such that the circumstances did not give rise to an inference that a substantial risk of serious harm existed.

Defendants' points may be borne out by further factual development. However, construing the complaint in the light most favorable to plaintiff, its gravamen is that defendants failed to honor a current medical chrono indicating that plaintiff should be single-celled. The undersigned concludes that this is sufficient to survive the pleading stage. See Lucas v. Swarthout, 2011 WL 5554537, *5 (E.D. Cal. Nov. 15, 2011) (plaintiff "may be able to state a claim for deliberate indifference to his medical condition if he can properly allege that he presented to a committee a current chrono that he met the criteria for single cell housing and that chrono was deliberately disregarded.") Thus defendants' motion to dismiss should be denied.

III. Motion for Summary Judgment

The court next considers defendants' motion for summary judgment for failure to exhaust administrative remedies. (ECF No. 23.) On April 8, 2015, plaintiff filed a statement of non-opposition to the motion for summary judgment. (ECF No. 38.) However, two days later, he filed a 41-page document that purportedly "rendered moot" defendants' motion for summary judgment. (ECF No. 39.) In light of plaintiff's pro se status, the court considers this filing in its analysis below.

////

A. Standard for Summary Judgment

Summary judgment is appropriate when it is demonstrated that there "is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party asserting that a fact cannot be disputed must support the assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials. . ." Fed. R. Civ. P. 56(c)(1)(A).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 631. All reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party. See Matsushita, 475 U.S. at 587.

In a summary judgment motion for failure to exhaust administrative remedies, the defendants have the initial burden to prove "that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy." Albino, 747 F.3d at 1172. If the defendants carry that burden, "the burden shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." Id. The ultimate burden of proof remains with defendants, however. Id. "If material facts are disputed, summary judgment should be denied, and the district judge rather than a jury should determine the facts." Id. at 1166.

B. Facts

On the court form filed with his complaint, plaintiff indicated that he had filed a grievance concerning the facts alleged, but that the grievance process was not completed. (ECF No. 1 at 2.) In parentheses, he wrote "Cancelled appeal." (Id.) Thus it was not clear on the face of the complaint whether administrative remedies were "effectively unavailable" to him. See Nunez v.

1  Duncan, 591 F.3d 1217, 1224–26 (9th Cir. 2010).

2  On summary judgment, the record is as follows:

3  1. First Appeal

4  On July 13, 2014, plaintiff filed a grievance seeking to have his single-cell medical chrono honored, Log No. FSP-O-14-00750.  (ECF No. 23-4 at 5-6.)  The next day, it was rejected at the first level of review as lacking "necessary supporting documents," and plaintiff was ordered to resubmit it along with his single-cell classification chrono.  (Id. at 10.)  In an attached declaration, the Appeals Coordinator at Folsom State Prison declares that there is no record that plaintiff ever submitted a single-cell chrono.  (ECF No. 23-4, Malmendier Decl., ¶4(a).)

On July 24, 2014, plaintiff appeared before the ICC and was denied single-cell status by defendant committee members.  (ECF No. 1 at 27.)

2. Second Appeal

On August 10, 2014, plaintiff submitted a grievance challenging the ICC's denial of single-cell status, Log No. FSP-O-14-00867.  (ECF No. 23-4 at 12-13.)  On August 18, 2014, the first level reviewer cancelled this grievance as duplicative of the previous, pending grievance.  (Id. at 17.)  Two days later, plaintiff resubmitted the cancellation letter with an explanation that the grievance was cancelled in error.  (Id.)

On August 22, 2014, the first level reviewer rejected this letter as "missing necessary supporting documents" and directed plaintiff to submit his earlier grievance, Log No. FSP-O-14-00750, "for review and consideration."  (Id. at 19.)

Plaintiff did so, and on August 26, 2014, the first level reviewer of Log No. FSP-O-14-00867 confirmed that its cancellation as duplicative was appropriate.  (Id. at 21.)  Plaintiff was advised that he could not resubmit the cancelled appeal, but could appeal the cancellation decision.  (Id.)   It does not appear that plaintiff did so.

Plaintiff commenced this federal action by filing a complaint on September 5, 2014.  (ECF No. 1.)

3. Third Appeal

On September 24, 2014, plaintiff submitted a grievance stating that defendants failed to

7

1  honor his single-cell medical chrono, No. FSP-O-14-01044.  (ECF No. 23-4 at 23-25.)  This
2  grievance was accepted for review at the second level, and a decision was issued on October 10,
3  2014.  (Id. at 27; see Malmendier Decl., ¶ 4(c).)  The second level reviewer partially granted
4  plaintiff's appeal, stating: "A modification order will be generated ordering the case to be
5  reviewed by ICC for single cell consideration.  This ICC will have a Clinician present as a
6  member of the Committee."  (Id. at 27.)

7       Plaintiff appealed, and on March 11, 2015, a third level decision was issued.  The decision
8  noted that it "exhausts the administrative remedy available to the appellant within CDCR."  (ECF
9  No. 39 at 3-4.)

10  C.  Exhaustion Requirement

11       Section 1997(e)(a) of Title 42 of the United States Code provides that "[n]o action shall be
12  brought with respect to prison conditions under section 1983 of this title, . . . until such
13  administrative remedies as are available are exhausted."  42 U.S.C. § 1997(e)(a) (also known as
14  the Prison Litigation Reform Act ("PLRA")).  The PLRA requires that administrative remedies be
15  exhausted prior to filing suit.  McKinney v. Carey, 311 F.3d 1198 (9th Cir. 2002).

16       Exhaustion requires that the prisoner complete the administrative review process in
17  accordance with all applicable procedural rules.  Woodford v. Ngo, 548 U.S. 81 (2006).
18  Administrative procedures generally are exhausted once a plaintiff has received a "Director's
19  Level Decision," or third level review, with respect to his issues or claims.  Cal. Code Regs. tit.
20  15, § 3084.5.

21  D.  Analysis

22       Because plaintiff brought suit against defendants on September 5, 2014, he was required
23  to have completed the inmate appeals process as to his claims by that date.  See Vaden v.
24  Summerhill, 449 F.3d 1047, 1051 (9th Cir. 2006) (under 42 U.S.C. § 1997e(a), a prisoner "may
25  initiate litigation in federal court only after the administrative process ends and leaves his
26  grievances unredressed."); see also Akhtar v. Mesa, 698 F.3d 1202, 1210 (9th Cir. 2012) ("a
27  prisoner does not comply with [the exhaustion] requirement by exhausting available remedies
28  during the course of the litigation.")

Here, plaintiff did not properly exhaust these claims before filing suit. See Vaden, 449 F.3d at 1050 ("The complaint is 'brought' by the prisoner when he submits it to the court. Accordingly, the prisoner must have entirely exhausted administrative remedies by this point.")

Plaintiff has not shown that the exhaustion process was "effectively unavailable" so as to excuse his failure to timely exhaust administrative remedies. Instead, the record shows that his first two grievances were rejected on procedural grounds at the first level. Rather than submit the necessary supporting documents for this first appeal, or appeal the cancellation of his second appeal, plaintiff filed a third appeal after the commencement of this lawsuit. This appeal was accepted and partially granted, and plaintiff was able to complete the exhaustion process. Because plaintiff did not wait until this process was complete to file the instant action, he failed to comply with the statutory requirements for exhaustion. Thus the undersigned will recommend that defendants' motion for summary judgment be granted.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendants' motion to dismiss (ECF No. 22) be denied; and

2. Defendants' motion for summary judgment (ECF No. 23) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991). No extensions of time will be granted.

Dated: September 9, 2015

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / howz2069.mtd_msj